NxchousoN, C. J.,
delivered the opinion of the Court.
Plaintiff in error was indicted in the Circuit Court of Stewart county for house-breaking. At the December Term, 1870, he was tried, Judge James E. Pice presiding when he was convicted and sentenced to the Penitentiary for ten years. From the judgment rendered, he has appealed to this Court.
The proof shows that the house broken into was a store house; and there is no proof that there was any person living or lodging in it. This Court held, in the case of Palmer v. The State, 7 Cold., 82, that the offense of house-breaking, as defined in the statute, means the breaking into a mansion house. We concur in the correctness of that decision; and hence, we hold that the defendant was improperly convicted, and that the Circuit Judge erred in not granting a new trial.
It appears from the record, that the indictment was signed by James E. Pice, Attorney General, and that he presided as Judge on the trial of the cause. This is assigned as error, and we think, correctly. The Constitution, Art. 6, s. 11, provides, that no Judge shall preside in any cause in which he may have been of counsel; and section 3913 of the Code, contains a similar provision. We are unable to discover any reason for prohibiting a Judge from presiding in a civil cause in which he may have been of counsel, which does not apply on the trial of a criminal cause. . The Constitution makes no distinction, and we are not authorized to make any.
Other errors, as to the admission and rejection of *129 evidence, have been relied on for the defendant; but we deem it unnecessary to notice them, as the judgment must be reversed for the errors stated, and the cause remanded for another trial on a proper indictment.